UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN HIDALGO,                                        AMENDED
                                                     COMPLAINT
     Plaintiff,
                                                     17 CIV. 1041 (JGK)
     -v-

CITY OF NEW YORK, P.O. FEBRES,
CHRISTOPHER BOBELL,                                  JURY TRIAL DEMANDED

     Defendants.
------------------------------------------------------------X

## NATURE OF ACTION

1. This action is brought by Plaintiff to recover damages for the defendants' violations of Plaintiff's civil rights, wherein he was subject to an anal cavity search without a scintilla of probable cause, then issued a summons for disorderly conduct when he screamed in reaction to such conduct. His partner stood outside the bodega where plaintiff was searched and summonsed and knew his partner intended to violate the law, and stood watch to make sure no one saw

## THE PARTIES

2. Plaintiff is a resident of East Harlem, New York, New York, and happens to be disabled. He lives with his ex-partner, who over the years has become a friend rather than a lover. Together they stay together and make their life about doting on their daughter, Jolie.

3. The City New York is a municipal corporation whose residence is in all five counties of New York City, including New York County.

4. Defendants Febres and Bobell are employees of the New York City Police Department; they work at the 23rd Precinct.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district under 28 U.S.C. § 1331 in that this action arises

under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6.     Venue is proper in this district under 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 6 as if fully set forth herein.

8.     This case involves a series of events, beginning with the illegal stop and search of an officer who, upon information and belief, has an odd fetish (at least for a police officer on the job) for seeking people of his choice and poking their anuses, looking for contraband.

9.     On June 2016, plaintiff left his apartment with the intention of buying his daughter a special candy that comes in a tube that she can squeeze out that looks like hair.

10.    The store is called "All Fresh" at 334 East 106th Street in New York, NY.

11.    Plaintiff entered the store at some time before 3 PM.

12.    Plaintiff walked into the store and said hello to Steve Ali, the proprietor; he was obeying all laws.

13.    Within less than a minute Febres swooped seemingly out of nowhere into the store; he grabbed Plaintiff on the forearm. Bobell waited outside by the doorway.

14.    Plaintiff protested and asked what was happening. "Are you a cop? Am I doing something wrong?" The officer, Febres, said nothing at first then he said, "it looks like you got a bulge there."

15.    In fact, it was a minor raise on Plaintiff's side - his telephone and holster that was partially obscured by his polo shirt.

16.    There was no basis for Febres to be searching for random bulges on a hunch; it could

have been a magazine, a bottle of soda, or, par chance, a cell phone.

17. Plaintiff was under no obligation to respond to the officer about the bulge, but he began to raise his shirt to expose it.

18. The officer then shoved Plaintiff against the shelves and took the phone.

19. Plaintiff said, "You see, it's just a phone."

20. At that point, the officer had no more reason to continue to harass Plaintiff. Nevertheless, he took the phone and patted him down continually for an invasive search.

21. At that point, Plaintiff saw Bobell outside, watching inside. Febres found no contraband after the invasive pocket and pat down search, but went through Plaintiff's pockets and removed everything including his wallet.

22. Then, with Plaintiff's belt still on, he slipped his hands up into Plaintiff's shorts, and reached his hand into his underwear and started manipulated Plaintiff's testicles through his underwear.

23. At one point, Plaintiff felt a finger on the shaft of his penis (again through the underwear).

24. Plaintiff screamed at this point, feeling sexually violated, at which time the cop called for backup.

25. Then, the officer manipulated his hands to the backside inside the shorts and again through plaintiff's underwear, which was somewhat sheer.

26. Then, extraordinarily, Plaintiff felt the officer's index finger wiggle around inside his buttocks cheeks, then his anus. Then he stuck a finger into his anus approximately an inch. Plaintiff cannot say where the anus ends and the rectum begins, but it was about an inch of intrusion.

3

27. Plaintiff screamed and was highly distressed by this invasion, and continues to suffer nightmares about it. He used the word "faggot." He is not a homophobe and recognizes that the slur is hurtful to many. However, as a heterosexual with a limited IQ who had never before been anally penetrated, let alone by someone's bare, dirty hand, without lubricant, this seemed terribly wrong to him. His reaction was understandable under the circumstances.

28. What Febres did was criminal sodomy or aggravated sexual touching: Plaintiff was not under arrest, and Febres had not even obtained any information that would have allowed him to search any further after the initial pat down and under-the-clothing search; both, again, were not justified by any measure.

29. The foregoing is apparently Officer Febres' modus operandi, and the 23rd Precinct even brags about it. In a Twitter post, dated shortly October 6 and filed with the Court, the NYPD bragged that "carrying your marijuana stash where the sun don't shine won't keep Officer Febres from finding it. That's dedication."

30. In other words, criminal sodomy in order to find a stash of marijuana – a decriminalized offense in the State of New York, and nothing in comparison to criminal sodomy, which is a felony – is good police work. In fact, Febres' modus is absolute insanity and violates the Constitution. He is a large man and Copwatch has filmed him intimidating citizens on more than one occasion.

31. The 23rd Precinct Twitter post obtained a bit of reaction from this Tweet. The online periodical Weed News obtained an official statement from the 23rd Precinct in response to the effect that Febres had made an arrest of a suspect for weapons possession and had found marijuana inside the suspect's pants.

32. Pants? Surely the phrase "where the sun don't shine" has never been associated with a

4

location merely inside one's pants, but a place more intimate inside one's body. It is an expression well known to American slang. But this is the NYPD and this is an example of how it works: Openly brag about the "dedication" of an officer who looks for marijuana in someone's anus, then walk back from the statement when someone announces its complete illogic.

33. Back to the All Fresh bodega: After the illegal search, Febres told plaintiff: "Don't move." He demanded plaintiff's phone number. There was no reason for this, and surely he intended to use it later to intimidate him.

34. Plaintiff refused to give the phone number and said that this was an abuse. The officer then retaliated by writing a summons for disorderly conduct. The summons said that plaintiff tried to attract a crowd <u>outside</u> the bodega. He refused to give his badge or name, asked for multiple times. Rather, he said it was on the summons, which was written in triplicate and illegible.

35. Febres said, "Once you turn around and your property will be on the counter."

36. Mr. Hidalgo then went to the hospital to document the encounter and to be sure there were no injuries; he had never been sodomized before.

37. No injuries were found, but in order to be examined for this complaint, ironically, the medic had to place – legally this time – a sanitized, surgical glove on his hand, properly lubricated, and probe plaintiff's anus.

38. The entire experience caused plaintiff to suffer pain in his scrotum, and more significantly humiliation, and extreme emotional distress.

39. Later, he reported the matter to the CCRB, which referred it to the CCRB, which referred it to the 23rd Precinct, who visited his home.

40. Plaintiff is disabled, but he was smart enough to know that the 23rd Precinct was not

going to protect him from another member of the 23rd Precinct. As such, he did not let them in his home for fear of retaliation.

41. The IAB might be investigating the incident; its official statement on the inquiry is that the complaint "is with the chief of the department." It refuses to provide more information. Plaintiff does not believe that to be true. Plaintiff does not believe the police can police their own members and reign in the culture of brutality that they inflict upon both the innocent and the guilty. In this case, plaintiff was completely innocent of anything – even the nonsense summons was dismissed. But notwithstanding lawsuit after lawsuit after lawsuit, this City – unfortunately – provides fertile ground for people abused by the police, causing not only a clog of cases in the criminal courts, but the civil courts as well, both state and federal. Plaintiff has no place else to go, and sues for redress.

FIRST CAUSE OF ACTION
ILLEGAL SEARCH AND SEIZURE
42 U.S.C. § 1983

42. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. Defendants acted under color of state law. Febres had no probable cause to search plaintiff in any manner and Plaintiff was deprived of his rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

44. As a result of the foregoing, plaintiff has been damaged and demands compensatory and punitive damages.

SECOND CAUSE OF ACTION
EXCESSIVE USE OF FORCE
42 U.S.C. § 1983

45. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if

fully set forth herein.

46.     Defendants acted under color of state law.

47.     Febres had no probable cause to touch plaintiff in any manner; therefore, any force he might have used was excessive.

48.     However, in addition to shoving him against a counter, searching plaintiff's shorts and feeling his penis and scrotum along his underwear, Febres pressed his finger into plaintiff's anus approximately one inch, which is not even a strip search – it is sodomy.

49.     Plaintiff was deprived of his rights as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

50.     As a result of the foregoing, plaintiff has been damaged and demands compensatory and punitive damages.

THIRD CAUSE OF ACTION
MALICIOUS PROSECUTION
42 U.S.C. § 1983

51.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

52.     Acting under color of state law, defendants brought charges against plaintiff without probable cause, initially or at such time as it should have known there was no probable cause, and plaintiff was subject to post-arraignment deprivation.

53.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

FOURTH CAUSE OF ACTION
FAILURE TO INTERVENE
42 U.S.C. § 1983

54.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

55.     Acting under color of state law, Bobbell had a duty to intervene and stop Febres' illegal

actions.

56. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## FIFTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

57. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

58. Acting under color of state law, Febres brought charges against plaintiff without probable cause, initially or at such time as it should have known there was no probable cause.

59. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## SIXTH CAUSE OF ACTION
## ASSAULT

60. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

61. Febres put plaintiff in apprehension of battery.

63. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## SEVENTH CAUSE OF ACTION
## BATTERY

64. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

65. Febres battered plaintiff by touching him in numerous places without privileged.

66. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

WHEREFORE, Plaintiff demands as follows:

    A. Compensatory damages;

    B. Punitive damages;

    C. Cost of suit and attorney's fees under 42 U.S.C. § 1988;

    D. Such other relief as may be just and proper.

Dated: New York, New York
       December 23, 2017


_____/s/_____
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
275 Seventh Avenue, Suite 705
New York, NY 10001